# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORI J. IRISH, COLBY G. IRISH, and LORTEX TRUST, <br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and NATIONAL LABOR RELATIONS BOARD,<br><br>Defendants. | Case No. 2:13-cv-2201-APG-VCF<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(Doc. # 6) |

## I.   SUMMARY

Defendants United States of America ("United States") and the National Labor Relations Board's ("NLRB") (collectively "Defendants") filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. # 6.) For the reasons discussed below, the motion is granted.

## II.   BACKGROUND[1]

This case arises out of previous and ongoing litigation between plaintiff Lori Irish and the NLRB. On December 27, 2007, the Board[2] issued a Decision and Order that required Advanced Architectural Metals, Inc. and its alter egos—Advanced Metals, Inc. and Steel Specialties Unlimited, Inc. (collectively "Respondents")—to make whole 16 discriminatees for losses resulting from violations of the National Labor Relations Act.

To protect the future court enforcement of the December 27, 2007 Order, the NLRB sought, and the Ninth Circuit issued, a Protective Restraining Order ("PRO") against Respondents. Among other things, the PRO restrains Respondents from dissipating or transferring their assets until $921,391.44 is transferred to the NLRB for placement into an

---

[1] The parties generally agree as to the facts underlying this case. (*See* Doc. # 13, noting Plaintiffs' general agreement). Therefore, I adopt the Defendants' recitation of the facts except where disputed by the plaintiffs and noted herein.

[2] "The NLRB" refers to the administrative agency as a whole; "the Board" refers specifically to the five-member adjudicatory body which decides unfair labor practice cases.

interest-bearing escrow account in the United States Treasury ("the escrow account"), pending liquidation of the amounts due and owing pursuant to the Board's December 27 Order.

The Ninth Circuit subsequently enforced the Board's December 27, 2007 Order on August 26, 2008. On August 27, 2010, the Board issued a Supplemental Decision and Order against Respondents, as well as Respondents' alter ego AAM and Lori Irish in her individual capacity. The Supplemental Board Order liquidated the amounts owed by all Respondents for back pay and benefits, in the total amount of $1,935,353.40.

Since then, plaintiffs Lori Irish, Colby Irish and Lortex Trust ("Plaintiffs") have filed several administrative tort claims, but only two are relevant to the analysis here: the May 2013 claims and the October 2013 claims.[3]

**May 2013 Administrative Tort Claims**

On May 30, 2013, the NLRB denied a series of administrative claims filed by Lori Irish and Colby Irish under the FTCA and NLRB Regulation 29 C.F.R. § 100.401. In the first claim, dated December 11, 2012, Lori Irish argued that NLRB illegally prevented her from "hav[ing] an administrative hearing before anything goes to the Board." (Doc. # 8-2.) She claimed personal injury damages in the amount of $20,000,000, which she described as "extreme mental stress because the NLRB [did] not follow their (sic) own rules and law." *Id.*

In the second claim, dated May 15, 2013, Colby Irish alleged that an NLRB employee:

> told employees of Steel Specialties, Inc. d/b/a Architectural Metals, Inc. that if they talked to Lori Irish they would be arrested. This is a lie. The lie caused companies to go out of business and caused [him] to lose [his] investment company. Also seized articles in safety deposit box that belonged to [him]. They lied to court about ownership.

*Id.* at Ex. C. He claimed property damage in the amount of $15,000,000, which he described as "Steel Specialties, Inc.," and claimed personal injury damages of $5,000,000, which he described as "extreme mental distress." *Id.*

---

[3] Plaintiffs dispute Defendants' recitation of facts relating only to the October 2013 claims.

On May 15, 2013, Lori Irish, in her capacity as trustee of the Colby Gormley Irish Trust, submitted a claim to the NLRB. (Doc. #8-4.) She stated that the basis of this claim was that the NLRB "committed fraud," "lied to Judge Pro in U.S. District Court," and "seized contents of safety deposit box that they claimed belong to Advance Architectural Metals Inc. when name on box was Advance Architectural Metals (not Inc.)." (*Id.*) She claimed personal injury damages of $1,000,000, which she described as "[e]xtreme emotional distress from continue (sic) fraud the NLRB commits by lying to court." (*Id.*) She also claimed property damage of $200,000, which she described as "seized articles of safety deposit box because of fraud committed by NLRB." (*Id.*)

On May 30, 2013, the NLRB denied all three claims because the claimants failed to provide an evidentiary or legal basis to support FTCA claims for damages. (Doc. #8-5.)

**October 2013 Administrative Tort Claims[4]**

In October 2013, Plaintiffs filed four new FTCA claims with the NLRB. In a claim dated October 11, 2013, Colby Irish, through his personal representative Lori Irish, stated that because the "NLRB disobeyed the Ninth Circuit order to pay attorney fees" of Steel Specialties, Inc. and Advanced Architectural Metals, Inc., "these companies lost NLRB ruling and caused business to close." (Doc. #8-6.) Colby Irish claimed that the Lortex Trust and the Colby Gormley Irish Trust lost millions of dollars. He claimed property damage of $10,000,000, and alleged that the closing of these businesses caused millions of dollars in damages. (*Id.*) He also claimed personal injury damages of $5,000,000, which he described as "extreme mental distress." (*Id.*)

Lori Irish filed a claim on October 11, 2013, stating that the NLRB did not give her an "administrative hearing and pay attorney fees" for her as a "manager of involved companies." (Doc. #8-7.) She claimed property damage of $10,000,000, and personal injury damages of $5,000,000, which she described as a "mental stress, sever[e] depression." (*Id.*)

---

[4] Plaintiffs do not dispute the accuracy of these facts, but instead argue that "[a]s the instant complaint does not encompass the October 2013 Administrative Tort Claim, Plaintiffs disagree with any factual presentation as it relates to the instant complaint and matter before this Court." (Doc. # 13, at 5.) However, my review of the proffered materials reveals these facts to be accurate. Therefore, I adopt Defendants' recitation of these facts as well.

3

Ms. Irish filed another claim on October 11, 2013, in her capacity as trustee of Lortex Trust. She stated that the NLRB violated the Federal Rules of Civil Procedure "while conducting depositions and notices of depositions." (Doc. 8-7.) She claimed for property damage in the amount of $5,000, which she described as loss of property because of "illegal action of FRCP." (*Id.*) The claim also sought personal injury damages of $1,000,000, which was described as "mental stress from illegal actions of disobeying FRCP." (*Id.*)

Ms. Irish filed another claim (on October 18, 2013), stating that the NLRB "continues to benefit from their (sic) illegal actions of not obeying Ninth Circuit order to pay legal fees of involved companies and Lori Irish." (Doc. #8-8.) She claimed property damage of $10,000,000, which she described as a "continue (sic) loss of property and money from illegal obtained judgment for not obeying Ninth Circuit order." (*Id.*) She also claimed personal injury damages of $10,000,000, which she described as "major depression because of this misbehavior." (*Id.*)

By letters dated March 18, 2014, the NLRB denied all four claims because claimants failed to provide an evidentiary or legal basis to support FTCA claims for damages. (Doc. #8-10.)

**The Instant Case**

On November 27, 2013, Plaintiffs filed this lawsuit against the United States of America and the NLRB. The Complaint was served on February 25, 2014. In the Complaint, Plaintiffs assert a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (Doc. # 1 at 5-6), and a cause of action specifically under Section 2680(h) of the FTCA (*Id.* at 5). They request "full compensation under the law" for financial loss due to IRS payments from personal accounts, damages to professional reputation, emotional distress and humiliation, and financial loss of prospective contracts and other ongoing legal proceedings. (*Id.* at 6.)

Plaintiffs contend that the March 6, 2008 PRO issued by the Ninth Circuit required the NLRB to "pay the taxes, corporate legal fees, and other operational expenses during the investigation and court hearing proceedings." (*Id.* at ¶¶ 18, 19.) Plaintiffs also allege that as a result of the NLRB's refusal to abide by the PRO, Plaintiffs suffered millions of dollars in damages. (*Id.* at ¶¶ 19 – 24.) Defendants now move to dismiss the complaint, arguing that

1 | Plaintiffs' failure to exhaust their administrative remedies prior to filing this suit deprives this
2 | Court of jurisdiction.

3 | **III.  DISCUSSION**

4 | **A. Legal Standard**

5 | "In this action, as in all actions before a federal court, the necessary and constitutional
6 | predicate for any decision is a determination that the court has jurisdiction—that is the power—to
7 | adjudicate the dispute." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998). The purpose of
8 | a complaint is two-fold: to give the defendant fair notice of the basis for the court's jurisdiction
9 | and of the factual basis of the claim. *See* Fed. R. Civ. P. 8; *Skaff v. Meridien North Am. Beverly
10 | Hills, LLC*, 506 F.3d 832, 843 (9th Cir. 2007).

11 | Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if the complaint,
12 | considered in its entirety, fails to allege facts on its face that are sufficient to establish subject
13 | matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Lit.*, 546 F.3d 981,
14 | 984–85 (9th Cir. 2008). Although the defendant is the moving party in a Rule 12(b)(1) motion to
15 | dismiss, the plaintiff is the party invoking the court's jurisdiction; as a result, the plaintiff bears
16 | the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264
17 | F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,
18 | 189 (1936)).

19 | Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,
20 | 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case
21 | unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville
22 | Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal subject matter jurisdiction must exist
23 | at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d
24 | 949, 952 (D. Nev. 2004).

25 | Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the
26 | inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the
27 | complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *see*

28 |

1  *also Whitethorn v. F.C.C.*, 235 F.Supp.2d 1092, 1095–96 (D. Nev. 2002) (citing *St. Clair v. City
2  of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). The opposing party must then "present affidavits or
3  any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses
4  subject matter jurisdiction." *St. Clair*, 880 F.2d at 201. When subject matter jurisdiction is
5  factually challenged, "no presumptive truthfulness attaches to plaintiff's allegations, and the
6  existence of disputed material facts will not preclude the trial court from evaluating for itself the
7  merits of jurisdictional claims." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730,
8  733 (9th Cir. 1979).

### B. Analysis

The United States is immune from suit unless it waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* at 475. The Federal Torts Claims Act provides a limited waiver of the United States' sovereign immunity from suits alleging certain common law torts committed by federal officials acting within the scope of their employment. 28 U.S.C. §§ 2671-2680, *see also Meyer*, 510 U.S. at 475.

Under the FTCA, "[t]he statutory procedure is clear. A tort claimant may not commence proceedings in court against the United States *without first* filing her claim with an appropriate federal agency *and either receiving a conclusive denial* of the claim from the agency *or waiting for six months to elapse* without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992)(internal citations and quotations omitted)(emphasis added). This requirement "is jurisdictional in nature and may not be waived." *Id.* (citing references omitted). Thus, "[e]xhaustion of the claims procedures established under the [FTCA] is a prerequisite to district court jurisdiction." *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). The failure to exhaust these administrative requirements is grounds for dismissal of a lawsuit. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jerves*, 966 F.2d at 521.

Defendants argue that although the Complaint alleges that it is premised on claims denied on May 30, 2013, the factual allegations in the Complaint make clear that it is premised on the facts alleged in the October 2013 claims against the NLRB, which were not exhausted at the time

this suit was filed. Plaintiffs counter that a plain reading of the Complaint makes clear that the allegations relate to the May 2013 claims (which were exhausted) not the October 2013 claims.

The entirety of Plaintiffs' lawsuit rests on Defendants' alleged failure to abide by the PRO. For example: Plaintiffs allege that "Defendant's failed to adhere to the court's order," (Doc. # 1, at ¶ 19) and "Defendant's failure to make the payments in conformity with the Court's order has caused Plaintiffs to endure undue financial hardship." (*Id.* at ¶ 20.) Plaintiffs assert that the Defendants' agents "breached there (sic) respective duties to properly and fairly follow the order of the Ninth Circuit Court of Appeals, and such failure has caused harm to" Plaintiffs. (*Id.* at ¶ 24.) Moreover, the damages Plaintiffs seek relate to "[f]inancial loss [ ] due to IRS payments from personal accounts" because the PRO was not obeyed. (*Id.* at 6.) There can be no doubt that the allegations are premised exclusively on the PRO.

I next look to the May and October 2013 claims to determine which of them relate to or are premised on the PRO. The May 2013 claims are not based on the PRO in any way, but the October 2013 claims are almost exclusively based on the PRO. The May 2013 claims relate to: (1) the NLRB preventing Lori Irish from "hav[ing] an administrative hearing before anything goes to the Board" (Doc. # 8, Ex. B), (2) an NLRB agent telling "employees of Steel Specialties, Inc. d/b/a Architectural Metals, Inc. that if they talked to Lori Irish they would be arrested," seizure of "articles in safety deposit box," and lying to the court about ownership (*Id.* at Ex. C), and (3) that the NLRB "committed fraud," "lied to Judge . . . in U.S. District Court," and "seized contents of safety deposit box that they claimed before to Advance Architectural Metals Inc. when name on box was Advance Architectural Metals (not Inc.)" (*Id.* at Ex. E). None of these mentions or relates to the PRO.

The October 2013 claims allege: (1) "NLRB disobeyed the Ninth Circuit order to pay attorney fees" of Steel Specialties, Inc. and Advanced Architectural Metals, Inc., "these companies lost NLRB ruling and caused business to close" (*Id.* at Ex. F), (2) the NLRB did not give Lori Irish an "administrative hearing and pay attorney fees" for her as a "manager of involved companies" (*Id.* at Ex. G), (3) the NLRB violated the Federal Rules of Civil Procedure

"while conducting depositions and notices of depositions" (*Id.* at Ex. I), and (4) the NLRB "continues to benefit from their illegal actions of not obeying Ninth Circuit order to pay legal fees of involved companies and Lori Irish." (*Id.* at Ex. H). All of these mention or relate to the PRO.

Therefore, contrary to Plaintiffs' arguments, the Complaint is based on the October 2013 claims, which were not exhausted until March 18, 2014. (*Id.* at Ex. J.) At the time Plaintiffs filed their Complaint, the NLRB had not issued a final denial of those claims. Moreover, the Complaint was filed less than two months after the claims were submitted to the NLRB, which is far short of the required six month waiting period. Given that Plaintiffs failed to exhaust the required administrative remedies, this Court lacked federal subject matter jurisdiction at the time the action was commenced.[5] The motion must be granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. # 6) is GRANTED without prejudice. Plaintiffs may file a new suit if and when the FTCA claims are administratively exhausted. The Clerk of the Court is ordered to close this case.

DATED THIS 30th day of June 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] The Court's jurisdiction is determined at the time the lawsuit is filed. At the time of filing this case, the October 2013 claims (which form the factual basis of the lawsuit) were not exhausted. Thus, it is of no consequence that since the filing of this suit, the October 2013 claims have now been exhausted.